## PORTO RICAN AMERICAN TOBACCO COMPANY OF PORTO RICO, A CORPORATION, Complainant,

*v.*

## JOSÉ E. BENEDICTO, as Treasurer of the Island of Porto Rico, Dft.

---

Ponce, Equity, No. 1099.

CONSTITUTIONAL LAW.

Porto Rico—Ultra Vires to Have Advertising Agency.

1. The Organic Act of Porto Rico enacted by the Congress of the United States did not confer authority upon the legislature of

Porto Rican American Tobacco Co. v. Benedicto.

Porto Rico to establish an advertising agency in New York City and to expend the money of the taxpayers for the maintenance and support of the same.

Porto Rico—Taxpayer May Enjoin Illegal Tax.

2. Where the amount involved is over $3,000 a taxpayer of Porto Rico is allowed to seek an injunction in the United States district court for Porto Rico against the collection of a tax, provided it be shown that such tax violates either the Constitution of the United States or any act of Congress.

Opinion filed February 9, 1922.

Mr. J. Henri Brown for complainants.

Attorney General of Porto Rico for J. E. Benedicto.

Odlin, Judge, delivered the following opinion:

The bill of complaint in this present case was filed on August 12, 1921, and an amendment to the bill of complaint was filed on September 2, 1921. On August 22, 1921, there was filed a motion to dismiss the said bill, said motion being based upon the claim, first: that the bill fails to show that this case involves any Federal question, inasmuch as the corporation complainant was organized under the laws of Porto Rico and the defendant is sued in his capacity as treasurer of Porto Rico, and therefore, of course, there is no diversity of citizenship; and the motion further sets forth that the bill fails to show that any right of the complainant corporation secured to it by the Constitution of the United States or by any statute of the United States has been violated or infringed by the defendant or that there now is any such violation or that there is about

Porto Rican American Tobacco Co. v. Benedicto.

to be such; said motion also sets forth that the said bill of complaint fails to show that the defendant in his capacity as treasurer of Porto Rico has violated or is violating or is about to violate the Constitution of the United States or any statute of the United States to the injury or prejudice of the plaintiff. It is also alleged that the complainant does not show any other grounds for jurisdiction in this court.

It is conceded by counsel for both parties that the circuit court of appeals for the first circuit on March 19, 1919, in a former suit brought by this same complainant against this same defendant, declared null and void a certain act of the legislature of Porto Rico which had been enacted in the year 1917, and the opinion of the circuit court of appeals is reported in 167 C. C. A. 545, 256 Fed. 422.

After this decision, the legislature of Porto Rico enacted a new law which sought to obviate the objections to the former law, and the present suit is brought which directly attacks this latter act of the legislature of Porto Rico upon various grounds, and this court does not find it necessary to discuss all of said grounds because this court is of the opinion, after examining the elaborate briefs filed by counsel for the respective parties, that as shown by the present bill (the allegations of which must be taken as admitted by the motion to dismiss) the defendant is not financially able to respond in damages for the losses sustained and to be sustained by the plaintiff arising from the threatened acts of the said defendant by virtue of said later act of the legislature of Porto Rico; the court also is of the opinion that the plaintiff corporation has no adequate remedy at law and that such remedy at law as it might have would not be adequate even if it were possible under the present law

Porto Rican American Tobacco Co. v. Benedicto.

of Porto Rico to recover from the treasury of Porto Rico taxes unlawfully collected; this court also finds that the tax prescribed by said later law is so burdensome that the payment thereof pending recovery back from the treasury would require the diversion of a large proportion of the working capital of the complainant and would, therefore, seriously cripple and for a considerable time would largely diminish the output of the complainant and therefore the value of the business of the complainant.

This court is further of the opinion, based largely upon the decision of the circuit court of appeals in the former case, that the said later law of the legislature of Porto Rico, being No. 14, approved on the 13th day of May, 1921, is null and void, because said legislature had no power under the Organic Act of Porto Rico known as the Jones bill, or otherwise, to establish an advertising agency in New York and expend the taxpayers' money in the maintenance and support thereof.

This court is further of the opinion that according to the allegations of the bill, said act last referred to is discriminatory and void and therefore violates the Organic Act above mentioned, and also violates the 14th Amendment to the Constitution of the United States, because said act operates to deny to the plaintiff the equal protection of the law and takes the property of the complainant without due process of law.

For the reasons above cited this court is obliged to deny the motion to dismiss and the defendant is allowed until Monday, the 6th day of March, 1922, in which to answer the said bill. To this ruling counsel for the defendant excepts.

Done and Ordered at the City of Ponce, Porto Rico, this 9th day of February, 1922.